IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DENVER FENTON ALLEN,** | : | |
| Plaintiff, | : | |
| | : | Case No. 5:24-cv-00011-MTT-MSH |
| v. | : | |
| | : | |
| **Deputy TILLMAN,** *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U. S. Magistrate Judge |
| | : | |

**ORDER**

*Pro se* Plaintiff Denver Fenton Allen, a prisoner at the Georgia Diagnostic & Classifications Prison in Jackson, Georgia, has filed a complaint seeking relief pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff did not pay a filing fee nor did he request leave to proceed without prepayment of the filing fee.  In order to proceed, Plaintiff must either pay the $405.00 filing fee or file a motion to proceed *in forma pauperis* with the required statutory supporting documentation.  A prisoner seeking to proceed *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence, and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(1)-(2).

Furthermore, if Plaintiff's complaint is an attempt to raise constitutional claims under 42 U.S.C § 1983, then this pleading is wholly insufficient to do so.  Much of Plaintiff's twenty-three page complaint is illegible.  *See* ECF No. 1 at 5, 7, 9, 11, 12, 14, 17, 19, 21, 23.  From the portions the Court can decipher, Plaintiff names several

Defendants including "United States of America," "World H Organization," "FDA – all 7 continents" as well as listing each continent separately. *Id*. at 1. Plaintiff vaguely complains about the conditions of his confinement in at least ten different prisons from 2005 to 2023 without attributing most of his claims to a state actor. *See id*. at 5-23. Moreover, many of his allegations appear delusional including claims that "admin. try to collect a 30$ million $ smash order by 3-666 mob king … try to force [him] to bust a cop w/ shit or pea", "[he] want[s] liquidation, rebuttal & copyright over FDA & World Health org. on all 7 continents", Defendants poison him and "get paid by c material hitlist of 700-900 people courts know D w/ have killed", and Defendants "sit on an audio feed and suns/ app to 1,000 giga-bite tera-server, dog out r now as [he] doc {indecipherable} about Jo Allen smash on site". *Id*. at 10, 13. 15, and 22.

    The Court finds that Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a civil complaint filed in this Court to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks." Plaintiff has further run afoul of Rule 10(b) of the Federal Rules of Civil Procedure which require that a party must state its claims in paragraphs limited to a single set of circumstances. Plaintiff has further failed to attribute his allegations to his named Defendants. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v.*

2

*Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

In short, Plaintiff's pleading is a typical shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or [r]ule 10(b), or both." *Jeloudov v. Snyder*, No. 21-12392, 2022 WL 3492601, at *4 (11th Cir. Aug. 18, 2022). Moreover, a shotgun pleading presents conditions where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief". *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990 (11th Cir. 2015) (citing *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir.1996). "Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir.2006).

The leniency afforded to pro se litigants does not permit them to file an impermissible shotgun pleading. *See Weiland*, 792 F.3d at 1321-23 (citations omitted). The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010). Indeed, shotgun pleadings require the Court to sift through rambling allegations to separate the meritorious from the unmeritorious claims, which results in a "massive waste of judicial and private resources." *Id*. (citation omitted). The Eleventh Circuit has, therefore, established that

3

shotgun pleading is an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002).

Furthermore, a plaintiff may not join unrelated claims and defendants in a single action. *See generally* Fed. R. Civ. P. 20. A plaintiff may join defendants in one action only if one asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims. *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted). Just because alleged events occur to one Plaintiff throughout his incarceration time at various prisons or even in one prison or jail does not necessarily make claims about those allegations related under Rule 20. *See e.g.*, *Skillern v. Georgia Dept. of Corrections Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010). Moreover, as the Seventh Circuit stated in *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees . . ."

It is not incumbent upon the Court to effectively re-write Plaintiff's complaint so that it complies with the Federal Rules of Civil Procedure or so that he states a § 1983 claim for which relief may be granted. *See GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education," a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action"). Rather than recommending dismissal of this complaint, the Court will afford the *pro se* Plaintiff one opportunity to remedy the defects as explained herein. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) ("In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies").

Thus, Plaintiff is now required to submit a recast complaint if he wishes to proceed. Plaintiff is cautioned that the opportunity to recast his complaint is not an invitation for him to include every imaginable claim that he may have due to his incarceration as he appears to have done in his original complaint. If Plaintiff wishes to pursue unrelated claims, then he is advised that these would be separate actions that must be filed in separate complaints on the Court's required 42 U.S.C. § 1983 form and cannot be consolidated under the above civil action number. The filing fee must also be addressed in each new civil action.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he

5

is pursuing in this action. The continents of this planet, the World Health organization, and similar world or federal organizations cannot be Defendants in a § 1983 suit. A suit under § 1983 requires that a defendant acting under color of state law be personally involved in the alleged constitutional deprivation. *See Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995); *West v. Atkins*, 487 U.S. 42, 48 (1988) (requiring in a § 1983 case an allegation of the violation of a right secured by the Constitution of the United States by a person acting under color of state law). Plaintiff is further advised that conclusory references to employees and all persons in general fail to put any certain individual on notice of alleged wrongdoing. *See generally Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam) (finding that as a general rule, "fictitious party pleading is not permitted in federal court"); *Douglas*, 535 F.3d at 1321-22. Thus, collective liability, *i.e.*, when claims are brought against defendants such as "all positions" or "staff" or "employees," is not permitted under § 1983 and a plaintiff must name a specific state actor who committed the civil rights violation. *See id.*; *Huey v. Raymond*, 53 F. App'x 329, 330 (6th Cir. 2002) (affirming dismissal as frivolous plaintiff's claims that "prison employees ... were conspiring to make [his] life miserable by poisoning virtually every item of food served to [the plaintiff] in the prison cafeteria, in his cell, and purchased at the canteen").

It is recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

(1) What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

    (2)    Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation?  If not, how did his/her actions otherwise cause the unconstitutional action?  How do you know?[1]

    (3)    When and where did each action occur (to the extent memory allows)?

    (4)    How were you injured because of this Defendant's actions or inactions?

    (5)    What relief do you seek from this Defendant?

Plaintiff is to thoroughly and completely answer each question presented in the Court's standard § 1983 complaint form including but not limited to listing any prior federal suits filed by him.  Plaintiff must also outline the actions he has taken to fully exhaust his administrative remedies prior to filing a federal civil action asserting a civil rights violation.  If Plaintiff has failed to fully exhaust his administrative remedies as to a claim, that claim is subject to dismissal.  See 42 U.S.C. § 1997e(a); *Brown v. Sikes,* 212 F.3d 1205, 1207 (11th Cir. 2000); *Woodford v. Ngo,* 548 U.S. 81, 95 (2006); *Jones v. Bock*, 549 U.S. 199, 218 (2007).

Plaintiff is hereby notified that **one sole operating complaint** is permissible.  The general rule is that an amended complaint supersedes an original complaint.  *See Lowery*

---

[1] Plaintiff is advised that he cannot simply name supervisors such as Commissioners, Wardens, Deputy Wardens, and Unit Managers based solely on their official capacities and supervisory roles.  Supervisory officials are not liable under § 1983 on the basis of respondeat superior or supervisory liability.  Supervisors are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them.  *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *see also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

7

*v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982).  Thus, Plaintiff's recast complaint will take the place of his original complaint.  In other words, the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim.  Plaintiff should state his claims as simply as possible in his recast complaint referring only to the relevant allegations against the named defendants in this case.  If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.  If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed, or in the alternative, this entire civil action may be dismissed for failure to follow an order of the Court.  *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for …. failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.  *See* Fed. R. Civ. P. 8.  Plaintiff should not otherwise use legal terminology or cite any specific statute or case law to state a claim unless absolutely necessary to clarify a claim.  Plaintiff is not to include any exhibits or attachments.  ***The recast complaint must be no longer than ten (10) pages in its entirety***.

## CONCLUSION

If Plaintiff wishes to proceed with this action, he shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) recast his complaint on the Court's standard §

8

1983 form as instructed, and (2) either pay the filing fee or properly submit a motion to proceed *in forma pauperis* that includes a certified account statement for the previous six months signed by a prison official.  While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address.  **Failure to fully and timely comply with this Order may result in the dismissal of this complaint.**  There will be no service of process in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward a copy of this order, a 42 U.S.C. § 1983 complaint form, and an application to proceed without prepayment of the filing fee, along with the appropriate certification form (with the civil action number shown on all) to Plaintiff.

**SO ORDERED and DIRECTED**, this 9th day of April, 2024.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE